UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

August 28, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Simon J. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-2315-BAH

Dear Counsel:

On June 16, 2023, pursuant to Local Rule 105.10, Plaintiff filed a Motion to Reconsider ("Motion") the Court's June 2, 2023 Memorandum Opinion and Order ("June 2, 2023 Opinion") affirming the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") judgment and closing this case. ECF 19. Defendant filed a response to Plaintiff's Motion on June 30, 2023. ECF 20. For the reasons discussed below, I will DENY Plaintiff's Motion.

When adjudicating a motion for reconsideration under Local Rule 105.10, this Court uses a similar standard to that under Federal Rule of Civil Procedure 59(e). *Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (citing *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001)). Under Rule 59(e), the Court may alter or amend its prior ruling in three situations: (1) where "there has been an intervening change of controlling law," (2) where "new evidence has become available," or (3) where "there is a need to correct a clear error or to prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Crocetti*, 2018 WL 3973074, at *1 (internal quotation marks omitted) (quoting *Potter*, 199 F.R.D. at 552). The first two criteria are inapplicable here, and Plaintiff fails to satisfy the third criterion.

Plaintiff raises two arguments in his Motion. First, Plaintiff avers that the Court did not adequately resolve the argument raised in his initial brief—that the ALJ impermissibly discounted subjective complaints related to Plaintiff's non-severe fibromyalgia in contravention of *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020). ECF 19, at 3–4. Plaintiff also argues that the Court erred by "reason[ing] that the ALJ's reliance on objective evidence was proper under *Arakas* because the ALJ also considered other categories of non-objective evidence, such as 'Plaintiff's reported activities.'" *Id.* at 7 (citing ECF 17, at 5). Defendant counters that reconsideration is improper because "the ALJ's analysis in this case complied with the governing regulations and the applicable caselaw," and because Plaintiff "has not shown that the Court 'patently misunderstood' the issues or committed an 'error . . . of apprehension.'" ECF 20, at 3 (citing *Travis X. C. v. Saul*, No. GJH-18-1210, 2020 WL 6684636, at *3 (D. Md. Nov. 12, 2020), *aff'd sub nom. Carr v. Kijakazi*, No. 20-2226, 2022 WL 301540 (4th Cir. Feb. 1, 2022)).

As an initial matter, the Court agrees with Plaintiff that *Arakas* prohibits an ALJ from "rely[ing] on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia" because "[o]bjective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease."[1]  *Arakas*, 983 F.3d at 97.  As Plaintiff correctly notes, the Court determined in its June 2, 2023 Opinion that the ALJ's discussion of Plaintiff's "grossly normal" physical findings was proper despite Plaintiff's complaints of pain and the Fourth Circuit's holding in *Arakas*.  ECF 19, at 3 (citing ECF 17, at 4).  The Court acknowledges that imprecise language in the June 2, 2023 Opinion may have caused confusion about the Court's evaluation of Plaintiff's symptoms.  *See* ECF 17, at 4–5.  However, upon reviewing both the ALJ's decision and the June 2, 2023 Opinion, the Court is unpersuaded by Plaintiff's contention that the Court's analysis "confirms that the ALJ's rationale to discount Plaintiff's [fibromyalgia] symptoms was derived from the objective evidence of record."  *Id.* at 12.  The Court clarifies its reasoning below.

First, the ALJ's step-two discussion of Plaintiff's fibromyalgia *substantiated*, rather than discounted, the existence of the impairment and its related symptoms.  At step two, the ALJ noted that the "medical evidence [of Plaintiff's fibromyalgia] reflects the requisite number [of] objective tender point findings and sufficient fibromyalgia signs or symptoms[.]"  Tr. 21.  This discussion comports with *Arakas*'s requirement that "[i]f considered at all, [objective indicators] . . . should be treated as evidence *substantiating* the claimant's impairment."  983 F.3d at 97–98 (italics in original).  The ALJ also noted at step two that Plaintiff "has been assessed with fibromyalgia by multiple physicians" and cited an exhibit which details Plaintiff's fibromyalgia symptoms.  Tr. 21 (citing Exhibit 12F).  The exhibit, which is labeled a "fibromyalgia disability benefits questionnaire," notes that Plaintiff "reports [a] several year history of all over muscle aches," as well as stiffness, muscle weakness, fatigue, sleep disturbances, headache, depression, anxiety, and irritable bowel symptoms, "due to fibromyalgia."  Tr. 522–23.  But, while the ALJ referenced the exhibit detailing these symptoms, she did not evaluate the symptoms other than by noting that they were "sufficient."  Tr. 21.  As such, Plaintiff's contention that the ALJ discredited these symptoms is without merit.  Moreover, in the same paragraph, the ALJ noted that "[t]here are periods during which the claimant simply has not used medications to treat fibromyalgia, which suggests it is not unduly persistent or intense."  Tr. 21.  This statement also comports with *Arakas*, which explains

---

[1] The Court noted in its June 2, 2023 Opinion that "objective evidence is not only relevant, but necessary to evaluating fibromyalgia's severity."  ECF 17, at 5 (citing Social Security Ruling "SSR" 12-2p, 2012 WL 3104869, at *3 (July 25, 2012)).  To the extent that this statement could be read to conflict with the holding of *Arakas*, the Court notes that the statement refers only to the ALJ's duty at step one of the two-step symptom evaluation process to "determine whether objective medical evidence presents a 'medically determinable impairment' that could reasonably be expected to produce the claimant's alleged symptoms."  *Arakas*, 983 F.3d at 95 (quoting 20 C.F.R. § 404.1529(b); SSR 16-3p, 2016 WL 1119029, at *3 (Mar. 16, 2016)); *see also* SSR 16-3p, 2016 WL 1119029, at *3–4 (Mar. 16, 2016) (outlining two-step symptom evaluation process).

Simon J. v. Kijakazi
Civil No. 22-2315-BAH
August 28, 2023
Page 3

that "[i]n general, treatments for fibromyalgia include both medication and self-care strategies."[2] *Arakas*, 983 F.3d at 102.

The ALJ's decision continued to comport with *Arakas* after step two. In fact, subsequent to that step, the decision contains no specific reference Plaintiff's fibromyalgia symptoms. Tr. 22–29. Within the RFC analysis, the ALJ noted that "[i]n the Disability Report and at the hearing, the claimant alleged back pain and fatigue and weakness related to spinal disorders and hypertension."[3] Tr. 25 (citing Ex. 2E). The ALJ determined that "the medical history does not reflect that" Plaintiff's spinal disorders and hypertension "have been as severe as alleged." *Id*. To be sure, the ALJ also broadly stated that "[t]he objective evidence of record reflects that the claimant's physical impairments have been no more intense, persistent, or limiting than found herein." *Id.* But this statement appeared in a paragraph which discussed Plaintiff's hypertension and obesity and contained no references to Plaintiff's fibromyalgia diagnosis or related symptoms. Tr. 25–26.

Later in the decision, the ALJ noted that Plaintiff "has consulted orthoptists . . . for complaints of non-severe conditions such as hand pain and CTS," but this paragraph also contains no reference to fibromyalgia. Tr. 26. In a subsequent paragraph, the ALJ referenced a "grossly normal physical examination . . . (including normal extremities, no muscle spasms, 5/5 muscle strength throughout, intact sensory and reflex findings, no joint swelling, effusion, erythema, tenderness or deformity, as well as grossly normal manipulative abilities, and full range of motion, but with complaints of pain)." Tr. 25–26. But, as with the ALJ's other references to objective evidence, the ALJ's discussion here does not indicate, or even imply, that Plaintiff's *fibromyalgia* pain was unsubstantiated by objective evidence. To the contrary, the ALJ explicitly connected this discussion to evidence related to Plaintiff's "severe impairments," *see id.*, which she previously determined at step two do not include fibromyalgia. Tr. 21.

In light of the foregoing, the ALJ's decision contains no indication that the ALJ discounted

---

[2] Plaintiff argued in his initial brief that the ALJ improperly rejected his subjective complaints regarding fibromyalgia based upon his conservative course of treatment for the impairment. ECF 13, at 15–16. But the Court rejected that argument in its June 2, 2023 Opinion, *see* ECF 17, at 5–6, and Plaintiff does not reassert the argument here. *See generally* ECF 19.

[3] Plaintiff avers that the ALJ incorrectly identified the source of Plaintiff's pain as spinal disorders and hypertension, rather than fibromyalgia, in this sentence. ECF 19, at 3 n.2. But the ALJ properly connected her analysis here to testimony in which Plaintiff recalled "getting a pain in [his] back." Tr. 45. Plaintiff also testified during the hearing that his "blood pressure" was, in part, a cause of his inability to continue working. Tr. 46. While these instances of pain were explicitly referenced during the hearing, fibromyalgia was mentioned only once (as being an "impairment"), *see* Tr. 38, and fibromyalgia *pain* was never discussed. Tr. 36–61. Moreover, Plaintiff incorrectly states that the April 20, 2020 disability report, upon which the ALJ relied in this sentence, "explicitly identifies" fibromyalgia "as the primary cause of Plaintiff's pain and fatigue symptoms." ECF 19, at 3 n.2 (citing Tr. 216). To the contrary, the report lists fibromyalgia as one condition, among others, that "cause[s Plaintiff] pain or other symptoms." Tr. 216.

*Simon J. v. Kijakazi*
Civil No. 22-2315-BAH
August 28, 2023
Page 4

Plaintiff's subjective complaints of fibromyalgia, which, as acknowledged above, "does not produce" objective evidence of its symptoms. *Arakas*, 983 F.3d at 97. For that reason, the Court's June 2, 2023 opinion properly determined that remand is not warranted under *Arakas*. Thus, reconsideration is not warranted to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

As a final matter, Plaintiff contends that the Court improperly reasoned that the ALJ's "reliance on objective evidence was proper under *Arakas* because the ALJ also considered other categories of non-objective evidence, such as 'Plaintiff's reported activities.'" ECF 19, at 7 (citing ECF 17, at 5). Plaintiff misapprehends this aspect of the Court's opinion. The Court noted that "because the ALJ based her determination upon the longitudinal treatment record, as well as Plaintiff's reported activities, rather than a lack of objective evidence, *Arakas* does not compel remand." ECF 17, at 5. The Court's passing mention of "reported activities" refers to *Arakas*'s acknowledgment that "[i]n evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, ALJs may consider the claimant's daily activities." 983 F.3d at 99 (citing 20 C.F.R § 404.1529(c)(3)(i)). *Arakas* does not prohibit an ALJ from *considering* a claimant's daily activities; rather, it holds that an ALJ errs by failing "to consider the extent to which [a claimant can] perform those activities" and by failing to explain how a claimant's activities show how the claimant can "persist through an eight-hour workday." *Id.* at 99–101. Plaintiff does not argue, either in his original brief or in this Motion, that the ALJ erroneously evaluated his daily activities. As such, Plaintiff fails to establish that the Court's isolated mention of "reported activities" constituted error warranting reconsideration. *See Robinson*, 599 F.3d at 411.

Because there is no appropriate basis for reconsideration, Plaintiff's Motion to Reconsider, ECF 19, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge